B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Andrea E. Celli, Chapter 13 Trustee | DEFENDANTS<br>The City of Troy, New York |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>7 Southwoods Blvd.<br>Albany, NY 12211 | ATTORNEYS (If Known)<br>James A. Caruso, Esq.<br>City Hall, 433 River Street<br>Troy, NY 12180 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Recovery of money/property pursuant to Section 548.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Terrance A. Ryan and Margaret S. Ryan | BANKRUPTCY CASE NO.<br>18-11217 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of New York | DIVISION OFFICE<br>Albany | NAME OF JUDGE<br>Robert E. Littlefield, Jr. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* as Chapter 13 Trustee | | |
| DATE<br>9/5/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrea E. Celli, Chapter 13 Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

TERRANCE A. RYAN
and MARGARET S. RYAN,

              Debtors

ADVERSARY COMPLAINT

Case No. 18-11217

ANDREA E. CELLI, CHAPTER 13 TRUSTEE,

              Plaintiff

against

THE CITY OF TROY, NEW YORK,

              Defendant

Adversary No.

The Complaint of Andrea E. Celli, Chapter 13 Trustee, respectfully represents:

1. Plaintiff is the Chapter 13 Trustee in the above referenced case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334. This adversary proceeding arises in and relates to the above bankruptcy case under Chapter 13 now pending in this Court. Venue properly lies in this judicial district pursuant to 28 U.S.C. Section 1409(a), in that the instant adversary proceeding is related to the above case under Title 11 of the United States Code.

3. This is a core proceeding under 28 U.S.C. Section 157.

4. This case was commenced on July 11, 2018 by Terrance A. Ryan and Margaret S. Ryan, the debtors herein.

5.  Defendant is The City of Troy, New York, a municipal corporation of the State of New York (hereinafter referred to as "Troy").

6.  Prior to the date of filing, debtors owed Troy the approximate sum of $10,000.00 for unpaid real property taxes.

7.  The taxes that were due and owing became a lien against debtors' real property at 21 120th Street, Troy, New York, by operation of state law.

8.  Troy obtained an Order as part of an *in rem* action to foreclose its lien for unpaid real property taxes (hereinafter referred to as "Transfer Date").  Upon information and belief, Troy subsequently recorded a deed to the property.

9.  Upon information and belief, Troy transferred the property to itself by virtue of the *in rem* foreclosure procedure utilized herein.

10. Upon information and belief, the value of the real property transferred by *in rem* deed was $77,294.00, pursuant to a valuation by zillow.com, dated July 9, 2018. A copy of the zillow valuation is annexed to this Adversary Complaint.

11. As of the Transfer Date, Troy received more than the amount owed by debtors to Troy as a result of the transfer.

12. Troy received more than reasonable equivalent value for the Transfer, as required by 11 U.S.C. section 548.

13. The amount of excess value over the debt received by Troy is, upon information and belief, $67,294.00.

14. The *in rem* foreclosure transfer occurred without competitive bidding.

15. *In rem* foreclosure transfers which occur without a public sale at a public place with adequate notice and competitive bidding (commonly referred to as "strict foreclosure

sales") are not protected from subsequent review by the Bankruptcy Court as an avoidable fraudulent conveyance as the foreclosure method does not meet the test for such a protection from subsequent review as set forth in B.F.P. v. Resolution Trust Corp., 511 U.S. 531, 114 S.C.T. 1757 (1994).

16. *In rem* strict foreclosure sales by the method utilized by Troy are voidable by the Bankruptcy Court as a fraudulent conveyance if the City received more than reasonably equivalent value for the transfer pursuant to 11 U.S.C. Section 548(a)(1)(B). See In Re Robert E. Harris, Case No. 01-10365 Robert E. Harris, Debtor and Mark W. Swimelar, Trustee, Plaintiffs v. Joseph Pennisi, County of Albany and Albany County Legislature, Memorandum Decision of March 11, 2003 by Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Court Judge, N.D.N.Y.

17. Said transfer is fraudulent as to the Trustee and may be voided by her pursuant to the provisions of 11 U.S.C. section 548.

18. Assets transferred by fraudulent conveyance are property of the Estate pursuant to 11 U.S.C. Section 541.

19. The Trustee seeks entry of an Order rescinding the *in rem* deed transferring title to the subject real property to defendant or, in the alternative, requesting that the Court issue an award of money damages equal to the amount of the value transferred pursuant to 11 U.S.C. section 548.

WHEREFORE, the Trustee respectfully requests that the Court issue an Order avoiding the above described transfer, ordering Troy to turn over to the Trustee the property transferred, and rescinding its *in rem* deed transferring title to the subject real property to defendant or, in the alternative, requesting that the Court issue an award of

money damages equal to the amount of the value transferred pursuant to 11 U.S.C. section 548 et seq, and granting such other and further relief as to the Court may seem just and proper.

Dated:       August 28, 2018

*(signature)*

Andrea E. Celli, Esq.
Chapter 13 Trustee
7 Southwoods Blvd
Albany, NY 12211
(518) 449-2043

To:    Hon. Robert E. Littlefield, Jr.
U.S. Bankruptcy Court
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

Hon. James A. Caruso, Esq.
Corporation Counsel for the City of Troy
City Hall
433 River Street
Troy, NY 12180

Marc S. Ehrlich, Esq.
Attorney for Debtors
Ehrlich Law Firm, PC
64 Second Street
Troy, NY 12180

U.S. Trustee's Office
74 Chapel Street
Albany, NY 12207

Terrance A. Ryan
Margaret S. Ryan
21 120th Street
Troy, NY 12182

⤢ EXPAND    ✕ CLOSE

New York · Troy · 12182 · Lansingburgh · 21 120th St

BUILDING

# 21 120th St

Troy, NY 12182

2 units

4 BEDROOM    $77,294

### FACTS

- Pets: Contact manager
- Year Built: 1900

### AMENITIES

- Heating: Other
- Unit Count: 0
- Exterior Material: Other
- Lot Depth: 25
- Lot Width: 30

## Background Check Yourself

《 1 》 Type In Any Name & Wait 10 Seconds. 《 2 》 Brace For the Results!

CheckPeople Records

### Similar Homes for Sale



**FOR SALE**
$31,548
3 beds, 1.0 baths, 1450 sqft
706 1st Ave, Troy, NY 12182



**FOR SALE**
$110,000
2 beds, 1.0 baths, 1098 sqft
39 122nd St, Troy, NY 12182



**FOR SALE**
$146,000